EDWARD D. MEGQUIER *vs.* GEORGE A. BACHELDER.

Penobscot.   Opinion November 21, 1914.

*Adjoining Owner.   Division Fence.   Fence Viewers.   Partition.   Prescription.
Revised Statutes, Chap. 26, Sec. 5.*

1.   At common law, an adjoining owner could not be compelled to build any part of a division fence.   He was compelled to keep his cattle upon his own land at his peril.

2.   An adjoining owner could not build the entire fence and make the other pay for one-half, or any part of it.

3.   This condition of the law was not satisfactory and consequently a statute was enacted to relieve it, so that if one owner refused or neglected to build his share of the fence, he could be made to do so, or have it built for him.

4.   The procedure by which this could be accomplished was prescribed by statute, and a tribunal, known as "fence viewers" was given jurisdiction over the division of fences of adjoining owners to the extent of compelling the delinquent owner, either to build his part of the fence, or pay his neighbor for building it for him.

5.   The jurisdiction of fence viewers depends upon certain preliminary requirements, among which is proof of a division fence in controversy, by an assignment made by fence viewers, by agreement of the parties, or by prescription, based upon the presumption of a division, the evidence of which is lost.

6. To make each party build his share of the fence is the primary purpose of Sec. 5 of Chap. 26 of the Revised Statutes. However, he cannot be so required to build his share until he knows what his share is, and he cannot know this until his part is first determined, either by fence viewers, by agreement of the parties, or by prescription.

7. Every person who may, by law, be required to build a part of a division fence, should first, be given an opportunity to build it himself. That such opportunity cannot be given, until by some division, he is informed of what his part is.

On report. Judgment for defendant.

This action on the case is brought under Sec. 5 of Chap. 26 of the Revised Statutes, to recover one-half of a partition fence between the plaintiff and defendant and the fees of the fence viewers for making the division. Plea, the general issue. At the conclusion of the evidence, the case was, by agreement of the parties, reported to the Law Court for final determination, upon so much of the evidence as is legally admissible.

The case is stated in the opinion.

*W. H. Powell, and Geo. H. Morse,* for plaintiff.

*E. M. Simpson,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SPEAR, J. This is an action brought under Sec. 5 of Chap. 26 of the Revised Statutes to recover the value of one-half of a partition fence between the plaintiff and defendant and the fees of the fence viewers in making the division. No legal division had been made of the fence between the plaintiff and defendant by any of the methods known to the law. But the plaintiff built the whole fence upon the disputed line, the defendant's as well as his own, and then invoked the authority of Sec. 5 both for a division of the fence and a right of action for building the defendant's half.

It may here be observed that the plaintiff's remedy is purely statutory. An adjoining owner could not be compelled by common law to build any part of a division fence. He had, however, to keep his cattle upon his own land at his peril. Accordingly an adjoining owner could not build the entire fence and make the other pay for one-half, or any part of it. But this condition of neutrality was not satisfactory and the statute was enacted to relieve it, so that, if one owner

refused or neglected to build his share of the fence, he could be made to do so or have it built for him. But the procedure by which this could be done was prescribed wholly by the statute. The scheme of the statute was to give a tribunal, called fence viewers, jurisdiction over the division of fences of adjoining owners, to the extent of compelling the delinquent owner, either to build his part of the fence, or pay his neighbor for building it for him. But this jurisdiction is made to depend upon certain preliminary requirements, among which is proof of a division of the fence in controversy, (1) by an assignment made by the fence viewers, (2) by agreement of the parties, or (3) by prescription, based upon the presumption of a division the evidence of which is lost. This conclusion seems to be fully sustained by an analysis of the sections of the statute providing the procedure necessary to give jurisdiction to the fence viewers.

Section 1. Specifies what constitutes a lawful fence.

Section 2. Specifies when adjoining owners must maintain a fence.

Section 3. Specifies the method of compelling a delinquent to repair or rebuild his legal part of the fence, and is based upon a presupposed division between the parties; that each knows the portion he is required to build.

Section 4. Prescribes complainant's rights, for having built his neighbor's fence as provided in Sec. 3. All these sections are based upon the assumption of an existing division.

Section 5. Is entirely independent of the four preceeding sections, assuming the application of section two, and prescribes the method to be pursued by a complainant when no legal division of the partition fence exists and the parties disagree respecting their rights, namely: (1) An application of one of the parties to the fence viewers. (2) Notice to each party. (3) Assignment of part to be built by each. (4) Limit of time in which to build. (5) Record of the assignment. The last clause of this section then goes on to say: "If such fence has been built and maintained by the parties in unequal proportions" the fence viewers may determine the value of such excess and an action may be maintained to recover it.

Under this provision the plaintiff contends that, before any division by any of the methods above recited, he was authorized, a disagreement having arisen, to go on and build the entire line of division fence between himself and the defendant, and then call on the fence viewers, to make the division, and determine the value of the proportional

part of the fence built by the plaintiff in excess of his share, and make the defendant pay for it. This contention negatives the whole scheme of the statute.

The conception of the fence chapter is based upon the theory that each party to a division fence is required to build his part, not necessarily in length, but in value. "His share thereof" is the bight of section five. To make each party build "his share" is the primary purpose of the section. But he cannot be so required until he knows what his share is; and he cannot know this until his part is first determined, either by the fence viewers, by agreement of the parties, or by prescription. Accordingly, to permit one party to build the entire fence before any division, would be an act without the pale of the statute, and consequently void.

Moreover, the very language of the clause relied upon by the plaintiff presupposes a division before either party is authorized to build the whole fence. "Such fence" refers to the fence immediately alluded to in the prior part of the section. The fence there alluded to is a divided fence, and none other. The phraseology "assigning each his share thereof;" "each shall build or repair his part of the fence;" and "they shall thereafter maintain their part of said fence;" expresses the clear intent that the meaning of the phrase "such fence" is a divided fence. Futhermore, "such fence" cannot mean the entire fence when considered in the light of the language which follows it. It is limited in its meaning by the phrases "built and maintained by the parties;" "unequal proportions;" and "award to the party who built and maintained the larger portion, the value of the excess." But there can be neither "parties," "unequal proportion," nor "the building of a larger portion" when one party builds the whole fence. "Parties" means more than one. "Unequal proportion" and "larger portion" mean at least two parts, one of which is larger than the other. The reason for this clause is based upon the practical experience of adjoining owners of improved lands. It is a matter of common knowledge that disputes over division fences are constantly arising between such owners. They may arise in many ways. Fences are usually divided into equal parts, mathematically. One party may claim that he has built the hardest half; or by mistake, has built more than his part; or upon protest has built a part disclaimed by the other; all of which might give rise to the disagreement contemplated by the clause of the statute, in question.

We are of the opinion that every person who may, by law, be required to build a part of a division fence, should first be given an opportunity to build it himself. And that such opportunity cannot be given until by some division he is informed of what his part is. No such division appears in this case, accordingly the fence viewers had no jurisdiction. The fact that the fence viewers had once been called upon to make a division of the fence between these parties, and made a division which was void in law, is immaterial here. The present proceedings are independent of any previous division.

*Judgment for defendant.*